UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CHAPTER 13 |
| AMBER CLEMENTS | : | CASE NO. 18-10417 |
| DEBTOR | : | JUDGE DRAKE |

**NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,
DEADLINE FOR FILING WRITTEN OBJECTIONS AND HEARING
DATE AND TIME IF OBJECTION IS TIMELY FILED**

**To: Creditors and Other Parties in Interest**

**PLEASE TAKE NOTICE** that Debtor has filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have recently received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed Modification must file that objection in writing with the Court on or before the following deadline.

**DEADLINE FOR FILING OBJECTION:** Twenty-three (23) days after the date on which this proposed Modification was filed. The proposed modification was filed on **August 27, 2020.**. If the twenty-third day after the date of filing falls on a week-end or holiday, the deadline is extended to the next business day.

**PLACE OF FILING**

Clerk, United States Bankruptcy Court
18 Greenville Street
Newnan, GA 30264

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the deadline stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtor at: **Amber Clements, 18 Southwind Circle, Newnan, GA 30263**

**PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the modification on **October 1, 2020 at 9:25 a.m.** in 2nd Floor Courtroom, Federal Building, 18 Greenville Street, Newnan, GA 30263. **If no objection is timely filed, the Court may approve the proposed modification without further notice or hearing.**

**GIVEN THE CURRENT PUBLIC HEALTH CRISIS, HEARINGS MAY BE TELEPHONIC ONLY. PLEASE CHECK THE "IMPORTANT INFORMATION REGARDING COURT OPERATIONS DURING COVID-19 OUTBREAK"** TAB AT THE TOP OF THE GANB WEBSITE PRIOR TO THE HEARING FOR INSTRUCTIONS ON WHETHER TO APPEAR IN PERSON OR BY PHONE. GANB WEBSITE ADDRESS IS: http://www.ganb.uscourts.gov/

                                                 Respectfully submitted on August 25, 2020,
                                                 HARMON & GOROVE
                                                 _____/s/_____

1 Jefferson Street                       AMANDA A. BARRETT
Newnan, GA  30263                    Attorney For Debtor
770-253-5902                            State Bar No. 107029

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CHAPTER 13 |
| AMBER CLEMENTS | : | CASE NO. 18-10417 |
| DEBTOR | : | JUDGE DRAKE |

## SECOND POST-CONFIRMATION MODIFICATION OF PLAN AND REQUEST FOR ITS APPROVAL

AMBER CLEMENTS, Debtor, proposes to modify the confirmed Chapter 13 Plan in this case as set forth below and request that this modification be approved. The Debtor is experiencing a material financial hardship due, directly or indirectly, to the coronavirus diseases 2019 (COVID 19) pandemic. Specifically, due to the stress of the pandemic, the Debtor's Husband has moved out and she is now officially separated. Consequently, the Debtor cannot afford the payments as filed, but still is employed and can make a lower payment based on her income alone. Therefore, the Debtor proposes to modify the confirmed Chapter 13 plan in this case as set forth below and requests that this modification be approved.

## MODIFICATION OF PLAN

AMBER CLEMENTS, Debtor, hereby modifies the Chapter 13 Plan, which the Court confirmed on June 5, 2018 as follows:

1. The Debtor amends Section 2.1 of the plan, as attached, to lower the monthly plan payment to $900 per month beginning with the September 2, 2020 payment and deleting the step payment.

2. The plan, as modified, will not pay out within sixty (60) months. The Debtor therefore, requests that the term of the plan be extended to eighty-four (84) months pursuant to 11 U.S.C. Section 1329(d) in order to fulfill the terms of the confirmed plan.

3. The Debtor amends Section 9.1 of the plan, as attached, to change the date on the modified plan.

The New Plan is attached in its entirety.

                                                    Respectfully submitted on August 27, 2020
                                                    HARMON & GOROVE

                                                    _____/s/_____

1 Jefferson Street                        AMANDA A. BARRETT
Newnan, GA  30263                    Attorney For Debtor
770-253-5902                             State Bar No. 107029

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Amber Chanel Clements** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: 18-10417
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
Section 2.1;
Section 9.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☑ Included | ☐ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☑ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

| Debtor | **Amber Chanel Clements** | Case number | |
|---|---|---|---|

### § 2.1 Regular Payments to the trustee; applicable commitment period.

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:    ☐ 36 months    ☑ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$900.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

Check if applicable.
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

### § 2.2 Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

Check all that apply:
☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

### § 2.3 Income tax refunds.

Check one.

☑ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years ____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

### § 2.4 Additional Payments.

Check one.

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5 [Intentionally omitted.]

### § 2.6 Disbursement of funds by trustee to holders of allowed claims.

(a) **Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

(b) **Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

| Debtor | **Amber Chanel Clements** | Case number | |
|---|---|---|---|

(1) **First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

(2) **Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

(3) **Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

(4) Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**§ 3.1    Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable

| Debtor | Amber Chanel Clements | Case number | |

contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Cenlar FSB | Residence 118 Southwind Circle Newnan, GA 30265 Coweta County | $1,200.00 | 0.00% | $30.00 |

§ 3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.

*Check all that apply.*

☐    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑    The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment.*

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | Capital One Auto Finance | $13,320.46 | 2013 Kia Sorento 150,000 miles 2/2015 | $14,000.00 | $0.00 | $13,320.46 | 5.25% | $132.00 | $270, then 525 beginning 10/18 |

| Debtor | **Amber Chanel Clements** | Case number | |
|---|---|---|---|

### § 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| MABTC/TFC | furniture | 9/2017 | $2,260.00 | 5.00% | $0.00 | $45.00 |
| Navy Federal Credit Union | 2016 Honda Accord 45,000 miles | 9/2017 | $21,339.73 | 5.25% | $211.00 | $300.00, then 650 beginning 10/18 |

### § 3.4 Lien avoidance.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### § 3.5 Surrender of collateral.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### § 3.6 Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **4.50** %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

Debtor  **Amber Chanel Clements**   Case number _____

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | Treatment of Fees and Priority Claims |

### § 4.1   General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2   Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3   Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ **4,350.00** . The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ **605.00** per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ **2500.00** , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ **2500.00** , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4   Priority claims other than attorney's fees.

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☐ The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $0.00 |

| Debtor | Amber Chanel Clements | Case number | |
|---|---|---|---|

| Name of creditor | Estimated amount of claim |
|---|---|
| Internal Revenue Service | $0.00 |

### Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**§ 6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**§ 7.1** Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

### Part 8: Nonstandard Plan Provisions

**§ 8.1 Check "None" or List Nonstandard Plan Provisions.**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Debtor | Amber Chanel Clements | Case number | |
|---|---|---|---|

## Part 9: Signatures:

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X   **/s/ Amber Chanel Clements**
    **Amber Chanel Clements**
    Signature of debtor 1 executed on   **August 27, 2020**

X   _____
    Signature of debtor 2 executed on


X   **/s/ Amanda A. Barrett**
    **Amanda A. Barrett 107029**
    Signature of attorney for debtor(s)

Date:   **February 27, 2018**

**Harmon & Gorove**

**1 Jefferson Street**
**Newnan, GA 30263**

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CHAPTER 13 |
| AMBER CLEMENTS | : | CASE NO. 18-10417 |
| DEBTOR | : | JUDGE DRAKE |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed a true and exact copy of the foregoing Chapter 13 Post-Confirmation Modification by placing a copy of same in a properly addressed envelope with sufficient postage to insure delivery and depositing same in the United States Mail to all creditors listed on the attached matrix.

This 27th day of August, 2020.

Respectfully submitted,
HARMON & GOROVE

_____/s/_____
AMANDA A. BARRETT
Attorney for Debtors
State Bar No. 107029

1 Jefferson St.
Newnan, GA  30263
770-253-5902

```
Label Matrix for local noticing          Rachel Ahlum                              Bank of America
113E-3                                   Aldridge Pite, LLP                        PO box 982238
Case 18-10417-whd                        4375 Jutland Drive                        Allentown, PA 18102
Northern District of Georgia             San Diego, CA 92117-3600
Newnan
Thu Aug 27 13:09:39 EDT 2020

Bank of America, N.A.                    Amanda A Barrett                          Capital One Auto Finance
P O Box 982284                           Harmon & Gorove                           4515 N Santa Fe Ave. Dept. APS
El Paso, TX 79998-2284                   1 Jefferson St                            Oklahoma City, OK 73118-7901
                                         Newnan, GA 30263-1911


Capital One Auto Finance                 Capital One Auto Finance, c/o AIS Portfolio   Capital One Bank
PO Box 259407                            4515 N Santa Fe Ave. Dept. APS            PO Box 30281
Plano, TX 75025-9407                     Oklahoma City, OK 73118-7901              Salt Lake City, UT 84130-0281



Lisa F. Caplan                           Cenlar FSB                                Amber Chanel Clements
Rubin Lublin, LLC                        PO Box 77404                              118 Southwind Circle
Suite 100                                Trenton, NJ 08628-6404                    Newnan, GA 30265-6288
3145 Avalon Ridge Place
Peachtree Corners, GA 30071-1570


Comenity Capital/YRTUI                   (p)SOUTHERN MANAGEMENT                    (p)DISCOVER FINANCIAL SERVICES LLC
P.O. Box 182120                          PO BOX 1947                               PO BOX 3025
Columbus, OH 43218-2120                  GREENVILLE SC 29602-1947                  NEW ALBANY OH 43054-3025




Melissa J. Davey                         Discover Bank                             (p)GEORGIA DEPARTMENT OF REVENUE
Melissa J. Davey, Standing Ch 13 Trustee Discover Products Inc                     COMPLIANCE DIVISION
Suite 200                                PO Box 3025                               ARCS BANKRUPTCY
260 Peachtree Street, NW                 New Albany, OH  43054-3025                1800 CENTURY BLVD NE SUITE 9100
Atlanta, GA 30303-1236                                                             ATLANTA GA 30345-3202


Michael A. Gorove                        Internal Revenue Service                  A. Michelle Hart Ippoliti
Harmon & Gorove, P.C.                    PO Box 7346                               McCalla Raymer Leibert Pierce, LLC
1 Jefferson Street                       Philadelphia, PA 19101-7346               1544 Old Alabama Road
Newnan, GA 30263-1911                                                              Roswell, GA 30076-2102



Lakeview Loan Servicing LLC              Lakeview Loan Servicing, LLC              MABTC/TFC
P.O. Box 840                             CO Cenlar FSB                             PO Box 13306
Buffalo, NY 14240-0840                   425 Phillips Blvd                         Virginia Beach, VA 23464
                                         Ewing NJ 08618-1430



Midland Funding, LLC                     Navy Federal Credit Union                 Navy Federal Credit Union
Midland Credit Management, Inc.          PO Box 3000                               PO Box 3700
as agent for Midland Funding, LLC        Merrifield, VA 22119-3000                 Merrifield, VA 22119-3700
PO Box 2011
Warren, MI 48090-2011


PRA Receivables Management, LLC          Peachtree Immediate Care                  Pediakare of Newnan
PO Box 41021                             1275 Hwy 54W                              1111 Bullsboro Dr. 6&7
Norfolk, VA 23541-1021                   Ste 201                                   Newnan, GA 30265-2182
                                         Fayetteville, GA 30214-4538
```

```
Pentagon FCU                    (p)PENTAGON FEDERAL CREDIT UNION      Progressive
P.O. Box 456                    ATTN BANKRUPTCY DEPARTMENT            c/o Caine & Weiner
Alexandria, VA 22313-0456       P O BOX 1432                          15025 Oxnard St Ste 100
                                ALEXANDRIA VA 22313-1432              Van Nuys, CA 91411-2640


Progressive Insurance           Quantum3 Group LLC as agent for       Quantum3 Group LLC as agent for
c/o The Receivable              Comenity Bank                         Comenity Capital Bank
240 Emory Street                PO Box 788                            PO Box 788
Bethlehem, PA 18015-1980        Kirkland, WA  98083-0788              Kirkland, WA  98083-0788


Quantum3 Group LLC as agent for Joshua M. Ryden                       SYNCB/Walmart
MOMA Funding LLC                Aldridge Pite, LLP                    PO Box 965024
PO Box 788                      Fifteen Piedmont Center               Orlando, FL 32896-5024
Kirkland, WA  98083-0788        3575 Piedmont Rd NE Suite 500
                                Atlanta, GA 30305-1636


John D. Schlotter               SyncB/AT Home PLCC                    Synchrony Bank
McCalla Raymer Pierce, LLC      P.O. Box 965013                       c/o PRA Receivables Management, LLC
1544 Old Alabama Road           Orlando, FL 32896-5013                PO Box 41021
Roswell, GA 30076-2102                                                Norfolk, VA 23541-1021


Tuition Solution                U. S. Attorney                        Webbank Fingerhut
c/o Comenity Capital Bank       600 Richard B. Russell Bldg.          6250 Ridgewood Road
P.O. Box 183003                 75 Ted Turner Drive, SW               Saint Cloud, MN 56303-0820
Columbus, OH 43218-3003         Atlanta GA 30303-3315


            The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
            by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Covington Credit                DISCOVER FINCL SVC LLC                Georgia Department of Revenue
130A Bullsboro Dr.              PO BOX 15316                          1800 Century Blvd NE, Suite 9100
Newnan, GA 30263                Wilmington, DE 19850-5316             Atlanta, GA 30345


(d)Georgia Department of Revenue Pentagon Federal Credit Union
PO Box 105596                   Bankruptcy Department
Atlanta, GA 30348               P.O. Box 1432
                                Alexandria, VA 22313




            The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Cenlar FSB and Cenlar FSB          (u)LAKEVIEW LOAN SERVICING LLC        (du)Lakeview Loan Servicing, LLC
```

(d) Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

End of Label Matrix
Mailable recipients    44
Bypassed recipients     4
Total                  48